UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion to remand and RENDERING MOOT Defendant's motion to dismiss or stay.

Before the Court is Plaintiff Cycely M. Snow's ("Plaintiff") motion to remand and Defendant United Parcel Service Inc.'s ("Defendant") motion to dismiss or stay. Dkts. # 18 ("*Mot.*"), 12. Defendant opposes the motion to remand, *see* Dkt. # 24 ("*Opp.*"), and Plaintiff opposes the motion to dismiss or stay, *see* Dkt. # 22. Both parties also filed replies. *See* Dkts. # 30 ("*Reply*"), 28. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving, opposing and reply papers, the Court **GRANTS** the motion to remand and **RENDERS MOOT** the motion to dismiss or stay.

I.    Background

This is a wage and hour case. Plaintiff, a citizen of California, is a former non-exempt warehouse employee of Defendant, an Ohio corporation with its principal place of business in Georgia. *See Complaint*, Dkt. # 1-2 ("*Compl.*"), ¶ 3; *Notice of Removal*, Dkt. # 1 ("*NOR*"), 3:4 4:11. On September 18, 2019, Plaintiff filed written notice with the California Labor and Workforce Development Agency ("LWDA") of Defendant's labor code violations and mailed a letter to Defendant stating the same. *See Compl.* ¶ 34.

After exhausting her administrative remedies with the LDWA, Plaintiff filed this case on November 25, 2019 in San Bernardino Superior Court. *See generally id.* Plaintiff asserts a single cause of action for civil penalties as a representative action on behalf of herself and other current and former employees of Defendant, pursuant to the Private Attorneys General Act of 2004 ("PAGA"). *See* Cal. Lab. Code §§ 2698 et seq.; *Compl.* ¶¶ 10 37. Plaintiff asserts the following labor code violations, which carry civil penalties under PAGA: (1) failing to pay

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

wages for all hours worked based on Defendant not paying wages to warehouse employees subject to mandatory security screenings; (2) failing to provide legally compliant meal breaks; (3) failing to provide legally compliant rest breaks; (4) failing to pay all vested vacation wages to employees; (5) failing to provide complete and accurate itemized wage statements; (6) failing to timely provide all unpaid wages following separation of employment; and (7) failing to maintain temperatures in warehouse facilities providing reasonable comfort. *See id.*

On January 3, 2020, Defendant removed the action to this Court. *See generally NOR*. Defendant asserted jurisdiction based on diversity, alleging that Plaintiff's share of the penalties and attorneys' fees that she seeks exceeds the $75,000 amount in controversy requirement under section 1332(a)(2). *See id.* 4 11. Plaintiff now moves to remand. *See generally Mot.*

II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

An action is removable on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a) when there is (1) complete diversity of citizenship between the named plaintiff(s) and defendant(s), and (2) the amount in controversy for at least one named plaintiff plausibly exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969) (stating that only the citizenship of the named class representatives must be diverse from that of the defendants); *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("where the other elements of jurisdiction are present and at least one

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."). In cases where a plaintiff's state court complaint does not specify an exact figure for damages or the amount in controversy is not facially evident from the complaint, the defendant must establish, by a preponderance of the evidence, that the amount in controversy exceeds the statutory minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A defendant must prove it is "more likely than not" that the jurisdictional threshold is met. *Id.* Defendants are not obligated to "research, state, and prove the plaintiffs' claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal.) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)). However, a defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

III. Discussion

The parties agree that diversity of citizenship is not at issue. *See Opp.* 2:8 20. Instead, they dispute whether the amount in controversy exceeds $75,000. *See generally Mot.*; *Opp.* Defendant bases its calculation of the amount in controversy on several assumptions:

- Defendant assumes that all civil penalties, including the 75 percent that would go to the LWDA, are attributable to Plaintiff. *See Opp.* 4 5.

- Because Defendant still employs Plaintiff, future damages are at issue here. Defendant assumes that twenty-two months would pass between removal and trial, and thus Plaintiff would accrue twenty-two months in future damages. *See id.* 6:20 8:7.

- Defendant assumes that Plaintiff could receive civil penalties for each statute or regulation cited in the complaint. *See id.* 8:8 9:24.

- For the penalties that Plaintiff seeks for inaccurate wages statements under Cal. Lab. Code § 226, Defendant assumes that Plaintiff is eligible for an increased penalty of $1,000, rather than the standard penalty of $250. *See id.* 9:25 11:2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

• Defendant assumes that Plaintiff's attributable share of attorneys' fees would amount to at least $30,000, if not more. *See id.* 17 19.

Because each assumption, with the exception of the fourth, applies to all penalties that Plaintiff seeks, the Court addresses each assumption in turn before calculating the amount in controversy.

A.  Civil Penalties Attributable to Plaintiff under PAGA

PAGA provides that any civil penalties are distributed 75 percent to the LWDA and 25 percent to the aggrieved employee. Cal. Lab. Code § 2699(i). Plaintiff contends that the amount in controversy calculation should be limited to the 25 percent of penalties that would be payable to her if she prevails on her PAGA claim, while Defendant argues that the Court should attribute the civil penalties in their entirety to Plaintiff. *See Mot.* 5 6; *Opp.* 4 5.

Although the Ninth Circuit has not considered this exact issue, it has held that a plaintiff's entitlement to PAGA penalties cannot be aggregated with the penalties owed to other employees in order to reach the jurisdictional threshold. *See Urbino v. Orkin Servs. of California, Inc.,* 726 F.3d 1118, 1122 23 (9th Cir. 2013). Based on *Urbino*, other district courts within this circuit have held that the state's share, like the share of other workers under *Urbino*, should not be considered in the calculation. *See Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018); *Lopez v. Ace Cash Exp., Inc.*, No. LA CV11-07116 JAK, 2015 WL 1383535, at *4 5 (C.D. Cal. Mar. 24, 2015); *Willis v. Xerox Bus. Servs., LLC*, No. 1:13-CV-01353-LJO, 2013 WL 6053831, at *9 (E.D. Cal. Nov. 15, 2013) ("no logical support" for the notion that a defendant "may rely upon the 75% of the total amount payable to the LWDA, to demonstrate the $75,000 threshold").

The Court finds the reasoning of these other district courts persuasive. As the Court has previously held when determining the amount in controversy under the Class Action Fairness Act ("CAFA"), 75 percent of any PAGA sum belongs to the state. "As the state is not a 'class member,' and the PAGA penalty does not consist of aggregated claims of class members, Defendant should not be permitted to include the state's claim in asserting jurisdiction." *Vitale v. Celadon Trucking Servs.*, No. CV15-5193 PSG (GJSx), 2015 WL 5824721, at *5 (C.D. Cal. Oct. 2, 2015). Contrary to Defendant's argument, Plaintiff and the state do not have a "common and undivided interest" that would warrant aggregation because the LWDA could enforce these claims itself, in lieu of Plaintiff. *See Opp.* 4:25 5:1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

Accordingly, the Court agrees with Plaintiff on this matter, and will only attribute 25 percent of the penalties to her when calculating the amount in controversy.

B. Estimated Future Penalties

The parties also disagree on how many months' worth of future penalties should apply to the amount in controversy calculation. Defendant uses twenty-two months from removal in its assumption, based on the 22.1-month median time from filing to trial in this District. *See Opp.* 7:24 25. Plaintiff counters that one year from removal is a more reasonable estimate. *See Reply* 3:25 5:8.

The Court agrees with Plaintiff's estimate. Despite the median time to trial estimate that Defendant points out, courts within this District "have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases." *Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC (SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019); *see also Fisher v. HNTB Corp.*, 2018 WL 6323077, at *5 (C.D. Cal. Dec. 3, 2018). This estimate is more realistic and specific to employment cases than Defendant's estimate, which considers the time-to-trial regardless of the type of case.

Therefore, the Court will calculate future penalties based on twelve months from the date of removal.

C. "Stacking" Penalties

Next, the parties disagree on how to "stack" penalties for purposes of the amount in controversy. Defendant argues that the Court should assess penalties for each statutory violation that Plaintiff asserts in the complaint. *See Opp.* 8:8 9:24. For example, Plaintiff cites both an IWC Wage Order and Cal. Lab. Code § 1198 when alleging penalties for failure to maintain temperature providing reasonable comfort. *See Compl.* ¶ 30. Because Plaintiff cites two provisions, Defendant would double the applicable penalties for this cause of action. *See Opp.* 16:7 11. Plaintiff counters that Plaintiff's stacking method is inappropriate because she is only eligible for civil penalty for each type of violation, not for each provision cited. *See Reply* 5:9 8:5.

Once again, the Court agrees with Plaintiff's method. District courts within this circuit have stacked civil penalties as Plaintiff proposes: plaintiffs may only recover a set of civil penalties for each type of violation. *See Schiller v. David's Bridal, Inc.*, No. 1:10-CV-00616

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

AWI, 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010) ("Finally, in Plaintiff's FAC she requests that PAGA penalties be awarded for each cause of action one through seven. Thus, Plaintiff has put multiple PAGA penalties in controversy for purposes of the FAC."); *Smith v. Brinker Int'l, Inc.*, No. C 10-0213 VRW, 2010 WL 1838726, at *3 (N.D. Cal. May 5, 2010). Further, despite Defendant's argument that Plaintiff seeks to stack penalties based on the provisions cited and not the type of violation, Plaintiff stipulates that she is only entitled to a single penalty per type of violation. *See Opp.* 9:2 5; *Reply* 5:20 21. The Court therefore concludes that Plaintiff's method is proper.

Defendant's other arguments for its method are to no avail. Defendant cites *Schiller* to support stacking based on statutory citations, but, as just discussed, the court in *Schiller* used Plaintiff's method. *See Opp.* 9:9 19; *Schiller*, 2010 WL 2793650, at *6. Defendant also cites a recent case from this District that employed its method; however, that court cited *Schiller* and *Smith*, which calculated a single penalty per type of violation. *See Salazar v. PODS Enterprises, LLC*, No. EDCV 19-260 MWF (KKx), 2019 WL 2023726, at *6 (C.D. Cal. May 8, 2019). Finally, Defendant would have the Court improperly calculate penalties based on IWC Wage Orders. *See Opp.* 16:7 11. To the contrary, PAGA only authorizes penalties for violations of the Labor Code, not IWC Wage Orders. *See Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112, 1132 (2012) ("However, a wage order is not a statute. As the trial court correctly pointed out, the PAGA authorizes recovery of civil penalties only for violations of the Labor Code.").

Ultimately, the Court will only attribute a single penalty per type of violation to Plaintiff when calculating the amount in controversy.

D. <u>Value of a "Subsequent" Violation under Section 226</u>

Lastly, the parties disagree over whether the increased penalties for subsequent violations of Cal. Lab. Code § 226.3 apply here. Plaintiff seeks penalties for inaccurate wage statements under Cal. Lab. Code § 226. *See Compl.* ¶¶ 26 28. Under section 226.3, "any employer who [provides inaccurate wage statements under section 226] shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation."

Defendant argues that each alleged violation of section 226 after the initial violation is subject to the $1,000 penalty. *See Opp.* 9:25 11:2. Plaintiff counters that because she has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

pleaded that an initial citation occurred, and Defendant has not provided any evidence of one, that the $250 rate applies. *See Reply* 8:21 9:19.

Once again, Plaintiff has the better of the argument. Defendant does not allege that an initial citation occurred, instead emphasizing the word "violation" in the statute. *See Opp.* 9:25 11:2. However the statute, by its plain language, only authorizes a $1,000 penalty "for each violation *in a subsequent citation*." Cal. Lab. Code § 226.3 (emphasis added). In short, without an initial citation, the increased penalties do not trigger. While Defendant cites *Magadia* for the proposition that courts have ignored section 226.3's "initial citation" language when determining the amount in controversy, *Magadia* is inapplicable. *See Magadia v. Wal-Mart Assocs., Inc.*, 384 F. Supp. 3d 1058, 1109 10 (N.D. Cal. 2019). The court in *Magadia* did not analyze the "subsequent citation" language, as in this case, but instead analyzed whether the default PAGA penalties or the section 226.3 penalties applied. *See id.*

Accordingly, the Court will apply the $250 penalty rate for each section 226 violation.

E.   Calculation of the Amount in Controversy

Having resolved the disputes over Defendant's assumptions about the amount in controversy, the Court calculates the amount in controversy as follows[1]:

On the first set of penalties for failure to pay minimum wage for security screening and security waiting time, the Court calculates thirty-eight pay-period violations pre-LWDA notice at a $100 violation rate and sixty-five subsequent violations at a $200 violation rate. *See Reply* 10:23 11:1. Because only 25 percent of this amount is attributable to Plaintiff, the value of this claim is **$4,200**.

On the second set of penalties for non-compliant meal breaks, the Court calculates eighteen pay-period violations pre-LWDA notice at a $100 violation rate and fifty-three

---

[1] For several of her claims, Plaintiff uses different rate of pay periods for hours worked over a certain threshold. *See Reply* 10 11. Plaintiff fails to explain why she uses these different rate of pay periods, and she did not use this method in her initial motion. Because Defendant did not have an opportunity to respond to this method in its opposition, the Court does not use it. *See Telesign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG (SSx), 2015 WL 12662344, at *1 (C.D. Cal. Oct. 9, 2015) ("[A] court does not need to consider facts or arguments raised for the first time in a reply brief.").

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

subsequent violations at a $200 violation rate. *See id.* 10:7  14. Because only 25 percent of this amount is attributable to Plaintiff, the value of this claim is **$3,100**.

On the third set of penalties for non-compliant rest breaks, the Court calculates thirty-eight pay-period violations pre-LWDA notice at a $100 violation rate and sixty-three subsequent violations at a $200 violation rate. *See id.* 10:15  22. Because only 25 percent of this amount is attributable to Plaintiff, the value of this claim is **$4,100**.

On the fifth set of penalties for wage statement violations, the Court calculates 103 pay-period violations (comprised of thirty-eight pre LWDA notice, thirteen from the LWDA notice to removal, and fifty-two pay periods until the estimated trial) at a $250 violation rate. *See id.* 9:12  19. Because only 25 percent of this amount is attributable to Plaintiff, the value of this claim is **$6,437.50**.

On the seventh set of penalties for failing to maintain temperatures providing reasonable comfort, the Court calculates thirty-eight pay-period violations pre-LWDA notice at a $100 violation rate and sixty-five subsequent violations at a $200 violation rate. *See id.* 11:13  17. Because only 25 percent of this amount is attributable to Plaintiff, the value of this claim is **$4,200**.

Added together, Plaintiff only places **$22,037.50** in controversy.[2] Thus, even if the Court accepts Defendant's assumption of $30,000 in attorneys' fees attributable to Plaintiff as true, Plaintiff has only placed **$52,037.50** in controversy, well-short of the $75,000 threshold.[3] Because the amount in controversy is not met, the Court lacks jurisdiction under section 1332. As such, the Court **GRANTS** the motion to remand.

---

[2] Neither party calculated Plaintiff's share of the fourth set of penalties for vacation wages owed or the sixth set of penalties for failure to pay all wages upon separation, presumably because Defendant still employs Plaintiff. *See Opp.* 6; *Reply* 3  4.

[3] In the opposition, Defendant states that the attorneys' fees attributable to Plaintiff could exceed $75,000 on their own, given that Plaintiff's counsel was awarded $166,050 in another PAGA-only matter. *See Opp.* 19:6  16; *Request for Judicial Notice*, Dkt. # 27. While the Court **GRANTS** Defendant's request for judicial notice of these prior cases involving Plaintiff's counsel, the Court concludes that Defendant engages in "mere speculation and conjecture" to support its argument that the attorneys' fees in this case, and particularly Plaintiff's pro rata share of those fees, will exceed $75,000. *See Ibarra*, 775 F.3d at 1197; *Steenyhouse*, 317 F. Supp. 3d at 1073.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-025 PSG (AFMx) | Date | April 1, 2020 |
|---|---|---|---|
| Title | Cycely M. Snow v. United Parcel Service, Inc. et al | | |

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to remand the case back to San Bernardino Superior Court (Case No. CIVDS1935045). The motion to dismiss or stay is thus **RENDERED MOOT**.

This order closes the case.

**IT IS SO ORDERED.**